UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FLOYD WOOTEN, | CASE NO. 1:15CV1058 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| CAROLYN W. COLVIN[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Floyd Wooten ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF Dkt. #1. In his brief on the merits, filed on October 25, 2015, Plaintiff claims that the administrative law judge ("ALJ") erred because his finding as to Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. ECF Dkt. #16. Defendant filed a response brief on November 20, 2015. ECF Dkt. #17. On December 2, 2015, Plaintiff filed a reply brief. ECF Dkt. #18.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for SSI and DIB on November 21, 2011 and November 29, 2011, respectively. ECF Dkt. #12 ("Tr.") at 15.[2] In both applications, Plaintiff alleged disability beginning on October 15, 2010. *Id.* Plaintiff's claims were denied initially and upon

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

reconsideration. *Id.* Plaintiff then requested a hearing before an ALJ. *Id.* A hearing was held on October 1, 2013, however, Plaintiff failed to appear. *Id.* Plaintiff's counsel did appear for the hearing, and the ALJ went on the record and took testimony from a vocational expert ("VE"). *Id.* After the ALJ issued a show cause order for Plaintiff's failure to appear at the initial hearing, Plaintiff responded on October 8, 2013, indicating that his planned transportation to the hearing had fallen through. *Id.* Thereafter, Plaintiff appeared and testified at a supplemental hearing held on November 22, 2013. *Id.*

On February 10, 2014, the ALJ denied Plaintiff's applications for DIB and SSI. Tr. at 15. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. *Id.* at 17. Continuing, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 15, 2010, the alleged disability onset date. *Id.* Next, the ALJ found that Plaintiff had the following severe impairments: asthma; generalized anxiety order with occasional panic attacks, mood disorder not otherwise specified; polysubstance abuse; borderline and anti-social personality disorder; and intermittent explosive disorder. *Id.* at 17-18. Following the assignment of the aforementioned severe impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18.

After considering the record, the ALJ found that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that Plaintiff was limited to: lifting and carrying fifty pounds occasionally and twenty-five pounds frequently; standing and walking for six hours out of an eight-hour workday; sitting for six hours out of an eight-hour workday; avoiding concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; occasional contact with co-workers, supervisors, and the public; and infrequent changes in job duties. Tr. at 20. The ALJ also determined that Plaintiff was capable of understanding and recalling simple to some moderately complex one to four step instructions in a low-pressure work environment (meaning no strict or fast paced production quotas and only occasional superficial interaction with others). *Id.* The ALJ defined "superficial," as used in the RFC finding, to mean "no

-2-

arbitration, negotiation, or confrontation, no management or supervision of others, and no responsibility for the health, safety, or welfare of other people." *Id.* Continuing, the ALJ determined that Plaintiff was capable of performing past relevant work that did not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. at 23. Based on the analysis described above, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 15, 2010, the alleged onset date, through the date of the decision.

Plaintiff filed a request for review of the ALJ's decision by the Appeals Council, which was denied on March 25, 2015. Tr. at 5. At issue is the decision of the ALJ dated February 10, 2014, which stands as the final decision. *Id.* at 12.

On May 27, 2015, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff filed a brief on the merits on October 25, 2015, posing the following assignment of error:

> The ALJ's RFC finding is not supported by substantial evidence because it excluded limitations from the medical opinions purported to be the basis of the RFC without explanation.

ECF Dkt. #16 at 19. Defendant filed a response brief on November 20, 2015. ECF Dkt. #17. On December 2, 2015, Plaintiff field a reply brief. ECF Dkt. #18.

## II.     SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

Plaintiff's sole assignment of error is regarding the ALJ's findings as to Plaintiff's RFC. ECF Dkt. #16 at 19-21. As described above, the ALJ determined that Plaintiff was capable of performing medium work with additional limitations. Tr. at 20. When making this determination, the ALJ first stated that Plaintiff alleged he was disabled because he experienced bad dreams and depression. *Id.* at 21. The ALJ also noted that Plaintiff testified that he had asthma at the hearing he attended. *Id.* Continuing, the ALJ stated that Plaintiff reported to Gregory A. Moten, D.O., that he was diagnosed with asthma as a child, but had not used an inhaler in several years and had not experienced any significant respiratory problems or hospital admissions as an adult. *Id.* The ALJ indicated that during a cardio-respiratory examination, Plaintiff was positive for asthma, but denied chest pain, hypertension, syncope, palpitations, claudication, and edema. *Id.* Additionally, the ALJ

-3-

stated that Plaintiff denied shortness of breath on exertion, sputum production, cough, and hemoptysis.  Continuing, the ALJ indicated that Plaintiff's lungs were clear to auscultation in all fields, and that Dr. Moten diagnosed Plaintiff with mild asthma, as well as moderate mental problems.  *Id.*  Further, the ALJ stated that Dr. Moten opined that Plaintiff was physically capable of lifting fifty pounds for one-third of the workday and twenty-five pounds for two-thirds of the day based on his asthma.  *Id.*

The ALJ indicated that, with respect to Plaintiff's mental impairments, Plaintiff underwent a psychological consultative examination performed by Richard C. Halas, M.A, ("Psychologist Halas") in March 2012.  Tr. at 21.  The ALJ stated that Psychologist Halas found that Plaintiff: was reasonably oriented in time, place, and person; was able to provide significant details about his history; had good short-term memory; recalled three of three items after five minutes; was able to do simple calculations and was slow but accurate when doing serial sevens; presented thinking that was more concrete than abstract; and was able to concentrate and recall five digits forward.  *Id.* Continuing, the ALJ indicated that Psychologist Halas diagnosed Plaintiff with generalized anxiety disorder with occasional panic attacks, depressive disorder, polysubstance currently in remission, intermittent explosive disorder, and anti-social personality disorder, assigning Plaintiff a global assessment of functioning ("GAF") score of forty-five, but stating that Plaintiff's functional severity was at a score of fifty-five because he reported having a few friends.  *Id.*  Next, the ALJ indicated that Psychologist Halas also opined that Plaintiff had some slight problems in understanding, remembering, and carrying out instructions, and that Plaintiff had no difficulty in maintaining attention, concentration, persistence, and pace to perform simple or multi-step tasks.  *Id.*  The ALJ also stated that Psychologist Halas opined that Plaintiff would have significant problems in responding appropriately to supervision and co-workers in a work setting, and that Plaintiff would have significant problems responding to work pressures in a work setting.  *Id.*

Continuing, the ALJ noted records from Plaintiff's treating psychiatrist, Premal Patwa, M.D., documenting Plaintiff's major depressive disorder without psychotic symptoms, generalized anxiety disorder without post-traumatic stress disorder, alcohol abuse, and learning disorder.  Tr. at 21.

The ALJ then addressed Plaintiff's polysubstance abuse, indicating that Plaintiff told Psychologist Halas during the psychological consultative examination that he abused painkillers and smoked marijuana in the past, and that he rarely drank. Tr. at 21. The ALJ also noted that, despite indicating that he rarely drank, Plaintiff instead testified that he did not drink as often as he had in the past. *Id.* at 21-22. Next, the ALJ stated that Plaintiff testified that he tended to drink more when he was not taking his medication, and that his doctor advised him to seek a drug and alcohol abuse program, however, Plaintiff did not have transportation available to him to make participation in such a program viable. *Id.* at 22. The ALJ stated that Plaintiff testified that he was not attending any twelve-step program for his polysubstance abuse. *Id.*

The ALJ indicated that, after consideration of the evidence, he found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. Tr. at 22. Continuing, the ALJ stated that the objective evidence established that Plaintiff only had moderate limitations as the result of his mental impairments and that records from Plaintiff's treating physician indicated that Plaintiff reported benefitting from his medications. *Id.*

Moving on to the opinion evidence, the ALJ indicated that he afforded great weight to the opinion of Dr. Moton diagnosing Plaintiff with mild asthma and opining that Plaintiff was capable of lifting fifty pounds for one-third of the workday and twenty-five pounds for two-thirds of the workday. Tr. at 22. The ALJ stated that Dr. Moton's opinion was consistent with the record as a whole. *Id.* The ALJ also afforded great weight to the March 2012 opinion of Psychologist Halas diagnosing Plaintiff with generalized anxiety disorder with occasional panic attacks, depressive disorder, polysubstance abuse currently in remission, intermittent explosive disorder, and anti-social personality disorder. *Id.* The ALJ also noted that Psychologist Halas' March 2012 opinion, as discussed above, was largely consistent with his subsequent August 2012 opinion, but only afforded some weight to Psychologist Halas' August 2012 opinion because he diagnosed Plaintiff with borderline intellectual functioning, which was not supported by the objective evidence. *Id.*

The ALJ afforded some weight to the state agency medical consultants' physical assessments because they concluded that Plaintiff was limited to no exposure to fumes, dusts, gases, or poor ventilation, which was consistent with the objective medical evidence.[3] Tr. at 22. However, according to the ALJ, the state agency medical consultants' physical assessments indicated that Plaintiff could perform heavy to very heavy work despite the evidence showing that Plaintiff was limited to medium work based on his asthma. *Id.* Next, the ALJ stated that he afforded great weight to the state agency medical consultants' mental assessments because they concluded that Plaintiff could understand and recall simple to some moderately complex one to four step instructions in a low-pressure work environment, was capable of occasional contact with co-workers and supervisors, and must avoid constant contact with the general public, instead having only brief contact with the general public. *Id.* at 22-23. The ALJ found that these conclusions were consistent with the evidence in the record. *Id.* at 23. Additionally, according to the ALJ, the state agency medical consultants' mental assessments were supported by the objective evidence in that they found that Plaintiff had mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, and pace, and that Plaintiff had not experienced any episodes of decompensation of extended duration. *Id.*

The ALJ indicated that he afforded some weight to the opinion of James Cozy, M.A., which stated that Plaintiff had marked limitations in his ability to: understand and remember very short and simple instructions; understand and remember detailed instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number of rest periods; interact appropriately with the general public; ask simple questions to request

---

[3] One of the state agency medical consultants is Caroline Lewin, Ph.D. *See* Tr. at 121-35. The ALJ does not mention Dr. Lewin by name, instead addressing all of the opinions from the state agency medical consultants as a whole. *See* Tr. at 22-23. Plaintiff's assignment of error specifically addresses Dr. Lewin's opinion, as discussed below. ECF Dkt. #16 at 20.

assistance; maintain socially appropriate behavior; adhere to basic standards of neatness and cleanliness; and respond appropriately to changes in the work setting. Tr. at 23. The ALJ indicated that the overall evidence showed that Plaintiff had moderate limitations, rather than the limitations imposed by Psychologist Cozy. *Id.* Additionally, the ALJ noted that Psychologist Cozy opined that Plaintiff was unemployable and that this decision was reserved for Defendant. *Id.* Further, the ALJ stated that the records lacked evidence to show that Psychologist Cozy was treating Plaintiff for his mental impairments. *Id.*

The ALJ afforded little weight to the opinion of social worker H. Douglas Hornback because he concluded that Plaintiff was not a good candidate for work adjustment and placement, and that this finding concerned the ultimate issue of disability, which was a decision reserved for Defendant. Tr. at 23. Further, the ALJ indicated that Psychologist Hornback was not considered an acceptable medical source per 20 C.F.R. § 416.913. *Id.*

Based on the above analysis, the ALJ determined that Plaintiff was capable of performing past relevant work as a dishwasher and press operator. Tr. at 23. The ALJ indicated that these jobs did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.* Accordingly, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, from October 15, 2010 through the date of the decision. *Id.* at 25.

### III.    STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see  20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4.  If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5.  If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found the plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based

upon the record." *Cole, supra* (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (internal citations omitted)).

## V.     LAW AND ANALYSIS

Plaintiff asserts that the ALJ's RFC finding was not supported by substantial evidence because it excluded limitations from the medical opinions purported to be the basis of the RFC finding without explanation. ECF Dkt. #16 at 19. In support of this assertion, Plaintiff argues that the ALJ assigned great weight to the opinions of state agency psychological consultant Caroline Lewin, Ph.D., and consultative examiner Psychologist Halas, and, despite purporting to incorporate the limitations within these opinion in the RFC finding, several limitations were missing from the RFC finding with no rationale offered for the exclusions. *Id.* at 19. Plaintiff states that Dr. Lewin opined that Plaintiff was markedly limited in his ability to respond to changes in his work setting, noting that Plaintiff appeared to "flip out" easily, lose impulse control, and experienced escalated anxiety levels resulting in problems with stress tolerance. *Id.* at 20. Continuing, Plaintiff asserts that Dr. Lewin noted that Plaintiff had a number of jobs that all ended due to "accidents" and that he could not tolerate being yelled at about the accidents. *Id.*

Plaintiff also asserts that Dr. Halas opined that Plaintiff would have significant problems in the areas of responding appropriately to supervision and co-workers in a work setting, noting that Plaintiff's personality, psychological problems, and emotional problems would interfere with his ability to interact effectively with others. Tr. at 20. Continuing, Plaintiff claims that Dr. Halas further identified significant problems in the area of responding appropriately to work pressures in a work setting due to symptoms of anxiety, panic attacks, and Plaintiff's inability to "do crowds." *Id.*

After citing the above portions of Dr. Lewin's opinion and Psychologist Halas' opinion that Plaintiff believes were not addressed by the ALJ, Plaintiff claims that "the ALJ's RFC excluded Dr. Lewin and Psychologist Halas' ultimate conclusions that [Plaintiff] is incapable of behaving appropriately in the workplace. This constituted reversible error." ECF Dkt. #16 at 20. Finally, Plaintiff asserts that the RFC did not accurately describe Plaintiff's abilities regarding his ability to

-9-

interact with others and tolerate stress, and thus the hypothetical question posed to the VE did not accurately reflect Plaintiff's limitations. *Id.* at 21.

Defendant contends that neither Dr. Lewin or Psychologist Halas ultimately concluded that Plaintiff was "incapable of behaving appropriately in the workplace," as alleged by Plaintiff. ECF Dkt. #17 at 9. Instead, according to Defendant, Dr. Lewin and Psychologist Halas provided opinions on Plaintiff's functional ability regarding his ability to interact and tolerate work stress and pressure. *Id.* Continuing, Defendant claims that this is not a case where the ALJ ignored Plaintiff's limitations regarding his ability to interact with others and cope with work-related stress, and that a review of the ALJ's decision shows that he considered Psychologist Halas' opinion that Plaintiff had significant problems responding to supervision, co-workers, and work pressures, as well as Dr. Lewan's opinion that Plaintiff was limited to work in a low-pressure work environment, was capable of occasional contact with co-workers, and needed to avoid constant contact with the public. *Id.* at 10. Defendant asserts that the ALJ reasonably incorporated Dr. Lewan's opinion and Psychologist Halas' opinion in his RFC finding to the extent the opinions were consistent with the evidence on the record. *Id.*

Next, Defendant claims that, based on the evidence as a whole, the ALJ reasonably concluded that Plaintiff's mental impairments caused only moderate limitations, and he reasonably accommodated the limitations in his RFC finding. ECF Dkt. #17 at 11. In support of this position, Defendant indicates that the ALJ discussed the GAF scores assigned to Plaintiff, the fact that his mental condition had improved with medication, and his activities of daily living, and that this evidence provided substantial support for the ALJ's RFC Finding. Finally, Defendant contends that substantial evidence supported the ALJ's RFC finding, and thus there was no error in the hypothetical question that was posed to the VE. *Id.* at 12.

Plaintiff's arguments are without merit as the ALJ's decision was supported by substantial evidence. As an initial matter, Defendant is correct in asserting that neither Dr. Lewan nor Psychologist Halas concluded that Plaintiff was "incapable of behaving appropriately in the workplace," and Plaintiff admits that neither opinion actually contains this language. ECF Dkt. #17 at 9; ECF Dkt. #18 at 1-2. As to Dr. Lewin's opinion, Plaintiff asserts that the ALJ excluded

-10-

findings indicating that Plaintiff was markedly limited in his ability to respond to changes in his work setting. ECF Dkt. #16 at 20. It is unclear why Plaintiff believes the ALJ excluded consideration of Dr. Lewan's opinion that Plaintiff was markedly limited in his ability to respond to changes in his work setting. The ALJ discussed the mental limitations provided by the state agency medical consultants, giving great weight to their conclusion that Plaintiff could understand and recall simple to some moderately complex one to four step instructions in a low-pressure work environment. Tr. at 22. Although the ALJ does not specifically state that Plaintiff was markedly limited in his ability to respond to changes in his work setting when discussing the state agency medical consultants' opinions, the ALJ does address this limitation in his actual RFC finding, determining, in relevant part, that Plaintiff was limited to "infrequent changes in job duties." Tr. at 20. The ALJ explains why he granted great weight to the opinion of Dr. Lewan and then included a limitation as to Plaintiff's ability to respond to changes in his work setting in the RFC finding. As such, the ALJ did not improperly exclude a portion of Dr. Lewan's opinion, and, moreover, the ALJ explicitly addressed Plaintiff's limitation in coping with changes in his work setting in the RFC finding.

Regarding the opinion of Psychologist Halas, Plaintiff asserts that the ALJ excluded consideration of the portions of the opinion indicating that Plaintiff faced significant problems in the areas of responding appropriately to supervision and work pressures. ECF Dkt. #16 at 20. Again, it is unclear why Plaintiff believes that these limitations were excluded. The ALJ discussed Psychologist Halas' opinion and then imposed RFC limitations, limiting Plaintiff to a low-pressure work environment, meaning "no strict or fast paced production quotas, only occasional superficial interaction with others," and "occasional contact with co-workers and supervisors, and the public."[4] Tr. at 20. It is clear from the ALJ's decision that he reviewed Mr. Halas' opinion and then took the limitations dictated in the opinion into consideration when making the RFC finding.

---

[4]The ALJ defined "superficial," as used in the RFC finding, to mean "no arbitration, negotiation, or confrontation, no management or supervision of others, and no responsibility for the health, safety, or welfare of other people."

-11-

Plaintiff makes no additional argument that the ALJ's decision was not supported by substantial evidence, instead relying solely on the alleged exclusion of portions of Dr. Lewan's opinion and Psychologist Halas' opinion. *See* ECF Dkt. #16 at 19-21. As described above, Plaintiff's arguments are without merit as the ALJ did not exclude those portions of Dr. Lewan's opinion and Psychologist Halas' opinion when making the RFC finding. The ALJ properly determined Plaintiff's RFC, and thus Plaintiff's argument that the hypothetical question posed by the ALJ to the VE did not accurately portray Plaintiff's limitations due to an improper RFC finding is without merit. *See* ECF Dkt. #16 at 21. Substantial evidence supported the ALJ's finding that Plaintiff was not disabled, and Plaintiff has failed to establish cause for reversal or remand.

## **VI.** **CONCLUSION**

For the reasons stated above, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: August 16, 2016         */s/George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE